ADAM L. BRAVERMAN
United States Attorney
BRUCE C. SMITH
Assistant U.S. Attorney
California State Bar No. 078225
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-8266
E-mail: bruce.smith@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. '18CV1985 BEN NLS |
|---|---|
| Plaintiff, | COMPLAINT FOR FORFEITURE |
| v. | |
| $55,688.00 IN U.S. CURRENCY, | |
| Defendant. | |

By way of complaint against the defendant, $55,688.00 IN U.S. CURRENCY ("$55,688 in currency"), plaintiff UNITED STATES OF AMERICA alleges:

1. This Court has jurisdiction over this action by virtue of the provisions of Title 28, United States Code, Section 1355, and Title 21, United States Code, Section 881(a)(6), because the defendant $55,688 in currency constitutes monetary instruments, money, or personal property furnished or intended to be furnished in exchange for controlled substances, or proceeds traceable to an exchange for controlled substances in violation of Chapter 13 of Title 21, United States Code.

//

USAO:2018v00230:BCS/ack

2. Venue is proper in this district pursuant to Title 28, United States Code, Section 1395 because the defendant $55,688 in currency was found in this district.

3. On March 19, 2018, at approximately 12:15 p.m., in the Southern District of California, Aaron Diaz ("Diaz"), as the driver and sole occupant of a Mercedes Benz E63 sedan, was traveling northbound on Interstate Highway 15 ("I-15"), when he passed California Highway Patrol ("CHP") Officer Lee in a marked CHP vehicle, parked on the shoulder of the highway.

4. As Diaz drove past CHP Officer Lee in the marked CHP unit, Officer Lee noted the Mercedes sedan did not display visible license plates, in violation of California Vehicle Code Section 5200.

5. As Diaz drove past CHP Officer Lee in the marked CHP unit, Officer Lee also noted the windows of the Mercedes sedan were excessively darkened or tinted, in violation of California Vehicle Code Sections 26708(a)(1) and 26708.2(b).

6. Officer Lee entered the I-15, and pursued Diaz and the Mercedes sedan.

7. When Officer Lee caught up with Diaz and the Mercedes sedan, Officer Lee noted the Mercedes sedan was traveling at a speed of approximately 70 miles per hour, but was only approximately 20 feet behind the vehicle in front of it, in violation of California Vehicle Code Section 21703.

8. From his position behind the Mercedes sedan, Officer Lee noticed the left side of the rear license plate frame with a paper dealer insert was hanging down, and not fastened.

9. As Officer Lee's marked CHP unit and the Mercedes sedan approached a safe location, Officer Lee activated the emergency lights, and used the public address system to instruct Diaz to pull to the right and exit the freeway.

10. Diaz complied with Officer Lee's instructions, and exited the I-15 at State Route 76, coming to a stop on the off-ramp shoulder.

11. CHP Officer Lee spoke with Diaz through the open front passenger window of the Mercedes sedan.

12. Diaz told Officer Lee he was a licensed driver, but did not have his California driver license in his possession, a violation of California Vehicle Code Section 12951(a).

13. Diaz reached into the glovebox and produced the metallic California license plates for the Mercedes sedan.

14. Diaz told Officer Lee he removed the license plates and placed them in the glove box.

15. CHP Officer Lee was trained and experienced, and knew subjects would sometimes remove or obscure a vehicle's license plates to make it more difficult for law enforcement or other authorities to identify the vehicle and the registered owner.

16. When Diaz opened the glovebox, Officer Lee observed a single unexpended 9mm round among the contents.

17. As Officer Lee spoke with Diaz, he noticed Diaz displayed signs of unusually high nervousness or anxiety.

18. Officer Lee used the CHP two-way radio to contact CHP dispatch, and summon a CHP drug detection dog and handler team.

19. Officer Lee was concerned about the presence of the 9mm ammunition in the glovebox, but Diaz insisted he did not have a firearm aboard the Mercedes sedan.

20. Diaz granted permission to Officer Lee to search the interior spaces of the Mercedes sedan for a firearm.

21. Diaz again told Officer Lee he did not think a firearm was aboard the Mercedes, then recanted, and said his firearm was either at his home or in the trunk of the Mercedes sedan.

22. Officer Lee opened a white backpack resting on the front passenger side floorboard of the Mercedes sedan, and observed a large amount of U.S. currency.

   A.  Officer Lee immediately believed the white backpack held more than $50,000.00 in U.S. currency.

23. Officer Lee also discovered a civil Summons in the matter of <u>City Of Moreno Valley v. Aaron Diaz</u>, Case Number RIC 180987, filed with the Superior Court of California, County of Riverside, dated February 13, 2018.

   A.  The case was a civil enforcement action against Diaz, alleging, among other things, Diaz was engaged in the operation of an illegal Marijuana distribution operation in the City of Moreno Valley.

   B.  That case is pending before the Superior Court, Riverside County.

24. Under the driver's seat of the Mercedes Benz sedan, CHP Officer Lee discovered a 9mm Springfield Armory handgun, bearing serial number XD835373.

//

      A.    The magazine was not present, nor was a round in the chamber.

      B.    Diaz could have operated the weapon, however, by inserting the live 9mm round from the glovebox into the chamber, and firing the weapon.

25. Diaz told Officer Lee the currency discovered inside the white backpack were proceeds from sales of marijuana, a Schedule I Controlled Substance, from his three (3) illegal retail marijuana outlets.

      A.    Diaz told Officer Lee his three (3) illegal retail marijuana outlets were located in the Central District of California, to wit, in the City of Moreno Valley, the City of La Puente, and Orange County.

      B.    Diaz confirmed his three (3) illegal marijuana retail outlets were not licensed or otherwise legally authorized by the State of California or the municipalities.

26. On March 19, 2018, at approximately 12:25 p.m., less than ten (10) minutes after CHP Officer Lee first observed Diaz and the Mercedes sedan pass by his stationary position alongside the I-15, CHP Officer and drug detection dog handler Sides arrived at the site of the enforcement stop.

      A.    Officer Lee requested Officer Sides deploy his trained and certified CHP drug detection dog "Blade" to conduct an exterior sniff of the Mercedes sedan.

      B.    CHP Officer Sides and Blade were trained and certified as a dog handler and detection dog team.

//
//

1       C.   Blade was specially trained to display a
2  behavior or "alert" when he encountered the scents of a variety
3  of controlled substances.
4       D.   Officer Sides was trained and experienced in
5  recognizing Blade's trained behaviors or alerts.
6       E.   Moments after Officer Sides and Blade commenced
7  their examination of the Mercedes sedan, Blade alerted to the
8  driver's door.
9       F.   Blade displayed a second alert to the rear
10 passenger side door.
11      G.   Officer Sides opened the rear passenger side
12 door, and Blade alerted to the lower edge of the rear
13 passenger side seat.
14      H.   Officer Sides opened the front passenger side
15 door, and Blade alerted to the white backpack containing the
16 large amount of U.S. currency.
17      I.   Officer Sides told Officer Lee of Blade's
18 multiple alerts, and explained the significance.
19   27. Officer Lee issued Traffic Citation CV59743 to Aaron
20 Diaz for the following California Vehicle Code section
21 violations: 5200, failure to display license plates; 26708,
22 excessive window tinting; 21703, following too closely; and
23 12951, driving without a driver's license in possession.
24   28. Based upon the large amount of U.S. currency
25 discovered in the white backpack, the CHP drug detection dog's
26 alerts to the Mercedes sedan and its contents, and other
27 reasons, CHP Officer Lee caused to be summoned agents of the
28 Drug Enforcement Administration ("DEA").

29. At approximately 2:00 p.m., Narcotics Task Force ("NTF") Officers Harrison, Kent, and Kempton arrived at the site of the enforcement stop.

30. CHP Officer Lee briefed the federal task force officers ("TFO") on events occurring before their arrival.

31. TFO Kempton told Aaron Diaz he was not under arrest, and asked whether Diaz would agree to answer the agents' questions relative to the large amount of currency discovered in the white backpack.

    A. Diaz agreed to participate in an interview.

32. Diaz told TFO Kempton the currency in the white backpack was generated by selling marijuana at two (2) retail outlets he owned, to wit, "Dankology" in La Puente, California, and "Cannabliss" in Moreno Valley, California.

    A. Diaz told TFO Kempton neither of his two (2) marijuana retail outlets were licensed or otherwise legally authorized by the State of California or the municipalities in which they were located.

33. The U.S. currency discovered in the white backpack was counted and determined to be $55,688.00 in U.S. currency.

34. The U.S. currency discovered in the white backpack is the defendant $55,688 in currency.

35. The defendant $55,688 in currency was seized for forfeiture to the United States.

36. The defendant $55,688.00 in U.S. Currency constitutes monetary instruments furnished or intended to be furnished in exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

37. Alternatively, the defendant $55,688.00 in U.S. Currency constitutes proceeds of or proceeds traceable to an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

38. Alternatively, the defendant $55,688.00 in U.S. Currency was used or intended to be used to facilitate an exchange for a controlled substance, in violation of Chapter 13, Title 21, United States Code.

39. As a result of the foregoing, the defendant $55,688.00 in U.S. Currency is liable to condemnation and to forfeiture to the United States for its use in accordance with Title 21, United States Code, Section 881(a)(6).

40. The defendant $55,688.00 in U.S. Currency is deposited within the jurisdiction of this Court.

WHEREFORE, the United States prays that due process issue to enforce the forfeiture of the defendant $55,688.00 in U.S. Currency, and that due notice be given to all interested parties to appear and show cause why said forfeiture should not be declared.

DATED: August 27, 2018

ADAM L. BRAVERMAN
United States Attorney

s/ Bruce C. Smith
BRUCE C. SMITH
Assistant U.S. Attorney

≠JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$55,688.00 in U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Bruce C. Smith, Phone: (619) 546-8266
USAO, 880 Front Street, Room 6293, San Diego, CA 92101-8893

Attorneys (If Known)

'18CV1985 BEN NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability |  | [X] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability |  | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability |  |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment |  | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  | [ ] 530 General |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | **IMMIGRATION** |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 U.S.C. Section 881
Brief description of cause:
Narcotics trafficking

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 08/27/2018
SIGNATURE OF ATTORNEY OF RECORD: s/ Bruce C. Smith

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

'18CV1985 BEN NLS

## VERIFICATION

I, Joseph Kempton, state and declare as follows:

1. I am a deputy sheriff with the San Diego Sheriff's Department, a task force officer with the San Diego Integrated Narcotics Task Force, and one of the federal officers assigned to this investigation.

2. I have read the foregoing Complaint For Forfeiture and know its contents.

3. The facts set forth in the Complaint For Forfeiture are based upon my own knowledge or were facts furnished to me by other United States federal, state, or local law enforcement personnel, civilian witnesses, or other official Government sources.

Based on this information, I believe the allegations in the Complaint For Forfeiture to be true.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on August 23, 2018.

_____
JOSEPH KEMPTON, TFO
San Diego Narcotics Task Force